## Louisville & Nashville Railroad Company v. Mason.

(Decided May 25, 1923.)

### Appeal from Estill Circuit Court.

1. Carriers—Petition Held to State Cause of Action for Assault if Not for False Imprisonment.—A petition alleging that plaintiff was a passenger on defendant's train, that three employes of defendant wrongfully and maliciously assaulted her, and finally dragged her from the train and maliciously preferred a charge of carrying a concealed weapon and had her incarcerated in jail, even if insufficient to allege a cause of action for malicious prosecution or

false imprisonment because it does not allege the acts of the employes were without probable cause, was not subject to general demurrer, since it clearly stated a cause of action for assault and battery.

2.  Carriers—Whether Special Officers Assaulting and Arresting Passenger Were Acting Within Scope of their Employment for Carrier Held for Jury.—Evidence that three employes of a railroad company, were also peace officers, were employed by the company to keep order about the station and meet incoming trains and to arrest persons who were drunk or disorderly, is sufficient to make it a question for the jury whether the officers were acting in the scope of their employment in going upon a train to arrest a passenger, notwithstanding testimony by one of them that it was not their duty to go upon the train unless requested by the conductor, and they had not been so requested.

3.  Breach of the Peace—Wearing Male Costume by Woman is Not Breach of the Peace as Matter of Law.—It is not a breach of the peace as a matter of law for a woman to appear in public in male attire, even though that may be an act of indecorum, so that the court properly submitted to the jury whether a woman dressed in a man's overalls was liable to arrest for breach of the peace.

4.  False Imprisonment—Cannot be Justified by What Officers Learned by Search After Arrest.—An arrest of a passenger cannot be justified on the ground that she was carrying concealed a deadly weapon, where that fact was unknown when the officers made the arrest, and it was learned only by search of her possessions without warrant after she had been arrested without justification.

5.  Carriers—Liable for Effects of Passenger Lost as Result of Wrongful Assault, Arrest and Ejection from Train.—Though a carrier is not liable on its contract for loss of a passenger's effects which the passenger keeps in her own possession, it is liable for a loss sustained as a result of the wrongful acts of its servants in assaulting and arresting the passenger and ejecting her from the train, as a result of which she was separated from her effects and they were lost.

6.  Carriers—Evidence of Previous Threats by Passenger Against Employes Who Subsequently Assaulted Her is Incompetent.—In an action against a carrier for the wrongful acts of its employes, who were also peace officers, in arresting a passenger and ejecting her from the train, evidence that the passenger had previously made threats against the officers in connection with another transaction is incompetent, since those threats could not excuse nor palliate their wrongful assault upon her.

7.  Appeal and Error—Instructions Requiring Want of Probable Cause for Arrest, Not Alleged in Pleading, Held Favorable to Defendant in Action for Assault.—Where a passenger's petition did not charge that her arrest by defendant's employes was without probable cause, but did state a cause of action for assault and battery

by the employes, instructions requiring proof of want of probable cause as a condition to recovery were favorable to defendant, and it may not complain on appeal that they were unsupported by the pleadings.

8. False Imprisonment—Damages for Humiliation and Mental and Physical Pain Warranted by Evidence.—Testimony by a passenger that she was assaulted while on a train by employes of defendant who wrongfully and forcibly ejected her therefrom and incarcerated her in jail is sufficient to warrant a reasonable inference that she suffered humiliation and pain in consequence thereof, so as to authorize a recovery therefor, notwithstanding her failure to testify directly to such humiliation and pain.

B. D. WARFIELD, HUNT, NORTHCUTT & BUSH and ROBT. R. FRIEND for appellant.

J. P. CHENAULT, C. C. WALLACE and RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

A little before two a. m. on July 6, 1920, three employes of appellant, who were also peace officers, forcibly ejected appellee from one of its passenger trains at Ravenna, Kentucky, and lodged her in jail. As damages resulting therefrom, she recovered a judgment against the company for $3,505.00. Of this sum, $5.00 was allowed by the jury for the loss of her hat, $500.00 for the loss of currency which she claimed was pinned in the crown of her hat, and $3,000.00 for personal injury.

For reversal it is urged that the court erred (1) in overruling a demurrer to the petition, (2) in refusing to direct a verdict for the defendant, (3) in excluding evidence offered by defendant, (4) in the instructions given, and that (5) the verdict is excessive.

1. The petition, after alleging facts showing the plaintiff was a passenger on defendant's train, alleged that three named employes of the defendant entered the coach where plaintiff was seated, and "wrongfully and maliciously assaulted her by using abusive language to her, and striking, slapping, jerking her, and finally dragged her from the train, forcibly took her to Irvine, where they wrongfully and maliciously preferred a charge of carrying on or about her person concealed a deadly weapon, and had her incarcerated in jail."

It is insisted that the petition is fatally defective because it does not allege that plaintiff's imprisonment was unlawful or without probable cause. It is true that want of probable cause is an essential element of malicious prosecution, and that an unlawful detention is the basis of false imprisonment, but if we should concede that the facts stated in the petition do not show an unlawful detention and that the petition was not sufficient to support an action for either false imprisonment or malicious prosecution, it would not follow that the general demurrer thereto should have been sustained, since it is clear that a cause of action for assault and battery was stated.

Hence the court did not err in overruling the demurrer.

2.  It is next contended that the court erred in refusing to direct a verdict for the defendant upon the whole case, and especially in failing to do so with reference to the hat and currency claimed to have been lost by plaintiff.

Defendant, by its answer, admitted that the three persons who committed the acts complained of were its employes, but denied that they were acting within the scope of their employment at the time, and alleged, in justification of their acts, that they were constables in the district and were acting as such at the time, and that the plaintiff was arrested by them for an offense committed in their presence.

The first insistence is that there was no evidence whatever that the three persons who committed the acts complained of were acting within the scope of their authority as employes when the arrest was made. All three of these men testified, and two of them at defendant's instance, that, at the time, they were employed by the railroad company to keep order about the station, to meet incoming trains, and to arrest persons who were drunk or disorderly. One of them, however, testified that it was not their duty to go upon the train, unless requested by the conductor; and the conductor testified that he had not requested any of these three men to go upon the train to arrest plaintiff, or for any other purpose.

Despite this denial by one of these three men that it was their duty to go upon a train to arrest a passenger unless requested by the conductor, proof that they were employed as peace officers by defendant to meet trains and keep order in and about the station, and were so en-

gaged at the time complained of, was at least sufficient to make it a question for the jury as to whether or not, in the commission of the acts complained of, they were acting within the scope of their employment by the railroad company.

It is next contended that defendant was entitled to a peremptory because plaintiff, at the time, was dressed in men's overalls and wearing a boy's cap; that this constituted a breach of the peace, committed in their presence, and justified their arresting her and taking her from the train and to jail.

No case is cited holding that it is a breach of the peace for a woman to appear in public in male attire, nor is that fact alone sufficient to constitute the offense as same is defined in Delk v. Commonwealth, 166 Ky. 39, 178 S. W. 1129, upon which alone appellant relies. That definition is not, as counsel assume, that every act of indecorum is a breach of the peace, but only that an act of indecorum may constitute the offense if in violation of the common peace and quiet. And if it could be conceded as a matter of common knowledge that it is indecorous for a woman of today to wear a cap and overalls wherever she pleases, we yet are sure the trial court did not err in leaving it to the jury to say whether, under the circumstances, it amounted to a breach of the peace.

It also is claimed that the arrest was justified by reason of plaintiff's carrying a concealed deadly weapon in the presence of the officers, but there is no merit in this contention, since she not only denied having a pistol or that the box in which one was found was hers, but the evidence of the officer showed that if she had a pistol in a box she was carrying, as he testified, his information of that fact was obtained by a search which was unlawful unless her conduct warranted her arrest. Manifestly her arrest without a warrant could not be justified by what the officers learned only by reason thereof.

We are therefore clearly of the opinion that the court did not err in refusing to direct a verdict for the defendant on the whole case.

The proof for plaintiff that she had $500.00 pinned in her hat, and lost both her hat and money as a proximate result of her wrongful ejection from the train, was ample to carry these items of loss to the jury, unless, as claimed for appellant, carriers are not liable in any event for

money or other property of a passenger lost or stolen on a journey, where the passenger retains the custody and possession of same. This limit to a carrier's liability is based upon a claimed analogy to the responsibility of an innkeeper to his guests for loss of personal property retained in their possession. Cases are cited from this and other courts, denying a carrier's liability for such loss, which are based upon this analogy, and we may assume without deciding, that the liability of the carrier to its passengers for loss of such baggage is the same as that of an innkeeper to his guests under analogous circumstances. But in all of these cases the action was upon the contract, for negligence in the manner of its execution, and the trouble with the appellant's contention is that it seeks to employ its assumed immunity from contractual liability for the loss to avoid responsibility for the direct consequences of its own wrongful acts, which although constituting a breach of the contract, are actionable and declared upon without reference thereto.

Manifestly, neither a carrier nor an innkeeper may do this. Suppose, for illustration, the private detective of a hotel, acting within the scope of his employment, should wrongfully eject a guest from her room, take charge of her personal belongings left in her room, which she was not given an opportunity to take with her, and then lose the same. Could it be said in such circumstances that the innkeeper would not be liable for such loss simply because it was not within the contemplation of his contract? Surely not, and yet that would be an analogous case to the one we have here.

Counsel confuse two entirely separate and distinct classes of action. In one class, whether against an innkeeper or a carrier, the action is *ex contractu,* and the liability for loss is measured by the contract; in the other, the action is *ex delicto,* and the liability is for whatever loss proximately results from the wrongful act.

This is an action of the latter kind, and as there was evidence that plaintiff had and lost her hat and money as a proximate result of the tortious acts complained of, the court did not err in refusing to direct a verdict for defendant with reference to these items.

3. The next insistence is that the court erred in refusing to permit the defendant to prove that appellee had made threats against two of the arresting officers in connection with some trouble they had had with one Nesbit Bryant.

That the court did not err in refusing to admit this evidence is, we think, too clear to admit of argument, since any connection that appellee may have had with a previous difficulty between the officers and another, or threats that she had made against them, could neither excuse nor palliate their action in wrongfully assaulting and ejecting her from the train, which, with its consequences, is all that is involved in this action.

4. The principal criticism of the instructions is that they assume that there was evidence warranting the jury to find that the employes who committed the acts complained of were, at the time, acting within the scope of their employment by defendant, and not as peace officers of the Commonwealth.

This amounts, of course, to a contention that for this reason only a peremptory instruction should have been given for the defendant, and this we have already decided adversely to the appellant.

Another objection to the instructions is, that without an allegation of want of probable cause in the petition, same was made a condition of plaintiff's right to recover for the acts complained of. This, however, only rendered the instructions for plaintiff more favorable to the defendant than her petition warranted, and defendant certainly has no right to complain thereof, even if, upon the whole pleadings, it was error.

But as defendant's principal defense was that the acts complained of were committed by officers of the law in arresting appellee for an offense committed in their presence, it would seem that the court did not err in predicating her right of recovery upon a want of probable cause for arresting her. But, however that may be, the error, if any, was clearly not prejudicial to the defendant.

5. The only basis for the contention that the verdict is excessive is that there was no evidence that appellee suffered any humiliation, bodily pain, or mental anguish for which the jury allowed her $3,000.00, as the instructions authorized them to do.

It is true that appellee did not, in her testimony, say in so many words that she was humiliated or otherwise hurt, either mentally or physically, as alleged in her petition, by the acts complained of, but such was not only the necessary consequence thereof, but the only reasonable inference from her testimony, and in our judgment this contention is wholly without merit.

Wherefore the judgment is affirmed.