# Noe et al. v. Meadows.

(Decided April 19, 1929.)

FORESTER & CARTER for appellants.

POPE & HUFF for appellee.

54

Opinion of the Court by Commissioner Tinsley— Affirming.

Appellee recovered damages against appellants in the sum of $500 on account of an alleged false imprisonment. To reverse the judgment against them, appellants complain, first, that they were entitled to a peremptory instruction; second, that instructions Nos. 1, 2, and 3 are erroneous; and, third, that the verdict is flagrantly against the evidence, and is excessive.

Counsel for appellee filed in this court a motion to strike the transcript of evidence from the record, on the ground that it was not filed at the term of court at which the case was tried, and that there is no order of court extending the time for its filing. That motion was passed to the hearing on the merits. In the order overruling the motion and grounds for a new trial, it is provided that appellants "are given until the sixteenth day of the next regular term of this court to present and file their bill of exceptions, and, on their motion, Chas. G. Mutzenberg, official stenographer of this court, is ordered to make a full and complete transcript of the evidence for defendants, to be used by them on their appeal to the Court of Appeals." The bill of exceptions and transcript of evidence were both filed at the next term and prior to the day fixed by the order. They are both approved and signed by the trial judge. There was no objection by appellee to the filing of the transcript of evidence at the time. The bill of exceptions by express terms makes the bill of evidence a part of it.

This precise question was before us in the case of Springton Coal Co. v. Bowling, 14 S. W. (2d) 1082, decided March 8, 1929, not yet (officially) reported, and it was therein said: "In the first place, there were no objections or exceptions to the filing of the transcript of evidence at the time it was done, and for that reason alone the motion would have to be overruled. But there is no merit in the contention, if there had been objections and exceptions to the filing at the time it was made. The bill of exceptions referred to it, and made" the bill of "evidence a part of it, and the order recites that both of them were filed at the same time and made a part of the record, and which is a substantial, if not a literal, compliance with the Code provisions, and the universal practice on the subject." The motion is therefore overruled.

The testimony on behalf of appellee shows that on July 5, 1927, appellee drove to the city of Harlan in a new, light blue, Reo Flying Cloud, five-passenger, automobile, which he had shortly theretofore purchased in Knoxville, Tenn. When he had reached Harlan on the day stated, he parked his car on the street opposite the courthouse, and when he returned to it some time later, and as he was about to start the engine, appellant Noe, who was then chief of police of Harlan, arrested him, searched him, and took from him his pocketbook, pocket knife, and keys. Appellee asked the officer, "What is the charge against me?" and the officer answered, "The charges are enough; you go with me," and carried him to the courthouse ·and to the stairs on the second floor, which lead to the third floor, which third floor constitutes the county jail. As they passed the circuit court room, on the second floor, appellee attracted the attention of Mr. J. B. Snyder, a friend who is an attorney, who immediately came to appellee and, addressing the officer, asked, "What is the trouble?" Whereupon appellant Noe drew from his pocket a paper, saying at the time, "These fellows have stolen a car." The paper then exhibited by appellant was a printed handbill offering a reward of $100 for the arrest of a person therein described, who was alleged to have stolen a light blue, Reo, five-passenger Flying Cloud sedan automobile, engine No. 215195, serial No. 14994, dealer's license D3-272, or Tennessee license No. 218920. Upon production of this paper, appellee requested Noe to go with him and compare the engine number and serial number with the numbers on his car. This was done, and it was ascertained that appellee's car was not the stolen car described in the paper Noe had in his possession. Noe then said to appellee, "I have made a mistake," and released appellee.

The testimony on behalf of appellant is that Noe arrested appellee for the offense of having on his car, at the time, license plates issued for another car, and which, they say, was an offense committed in the officer's presence. The proof shows that, after appellee had been arrested, Noe said to him that the license plates on the car did not belong to him, but had been issued to a person named Howard. Noe and appellee, at the latter's suggestion, went to the county clerk's office, and it was there ascertained from the records that the license plates had

been issued to appellee, but for use on another and different automobile. It is shown that appellee explained the situation to Noe by saying that he had traded the car for which the license plates had been issued in part payment for the new car, and that he had only reached Harlan that day with the new car, and had not had an opportunity to get new license plates for it. Appellee testified unequivocally that Noe did not, at the time of his arrest, inform him upon what charge he was arrested, and that it was only after the arrest, and when they had reached the second floor of the courthouse, and when appellee had called Mr. Snyder to him, that Noe informed him of the charge upon which he had been arrested, and that was that he had a stolen car in his possession.

Section 36 of the Criminal Code provides: ''A peace officer may make an arrest . . . without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony.''

And section 39 provides: ''The person making the arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense charged against him for which he is to be arrested. . . .''

And section 46 of the Code provides: ''If an arrest be made without a warrant, whether by a peace officer or a private person, the defendant shall be forthwith carried to the most convenient magistrate of the county in which the arrest is made, and the grounds on which the arrest was made shall be stated to the court.''

In the cases of Wright v. Commonwealth, 85 Ky. 123, 2 S. W. 904, 8 Ky. Law Rep. 718, and Hamlin v. Commonwealth, 12 S. W. 146, 11 Ky. Law Rep. 348, it was held that an arrest made in violation of those sections was an illegal act. The arrest in this case was made without a warrant; there is no claim by appellant that he at any time informed appellee of the charge against him, nor is there any claim upon the part of appellant that he was carrying, or intended to carry, appellee before the most convenient, or before any, magistrate of the county. It was, therefore, an illegal arrest, unless it was, in fact, made for the improper use of license plates.

In addition to the testimony of appellee, his son, and Mr. Snyder, to the effect that appellant stated appellee was arrested because he had a stolen car in his posses-

sion, it was shown by two other witnesses that appellee repeatedly asked appellant, at the time of his arrest, for what he was being arrested, and by another witness that, at the time of the arrest, he (witness) asked appellant what appellee had done, and that appellant answered, ''These fellows (referring to appellee and his son) have a stolen car in their possession.'' Opposed to this, we have the testimony of appellant Noe alone that he arrested appellee because he was using license plates issued for another car. Yet he does not claim that he, at any time, informed appellee that such was the charge upon which he was, or had been, arrested, and he does not deny that, at the time of the arrest, he took from appellee his pocketbook, knife, and keys. To us it seems strange he would do this, if the arrest was made because of the improper use of license plates—a misdemeanor only.

The evidence clearly establishes that the arrest was made on the suspicion that appellee had a stolen car in his possession, and that the fact that he was using on his car, at the time, license plates issued for another car, was not discovered by appellant until after the arrest. There is, therefore, presented the question whether an arrest made on a suspicion, for which there is no foundation in fact, that a felony has been committed, can be justified later by showing that, at the time of the arrest, the one arrested had committed a misdemeanor, in other words, whether action taken on a wrong ground can be justified later by showing that a valid ground for the action existed, if it had been known or adopted as the basis of the action.

The general rule is that, if an arrest without process is made on one ground, upon which it subsequently develops it cannot be sustained, the arrest cannot later be justified on the theory that another ground existed at the time of the arrest. 25 C. J. 496, sec. 67, Malcolmson v. Scott, 56 Mich. 459, 23 N. W. 166; Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899; Comisky v. N. & W. R. Co., 79 W. Va. 148, 90 S. E. 385, L. R. A. 1917D, 220; Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172.

If, however, an arrest be actually made upon more than one ground, and justification be found in one ground only, that one ground may be relied on as a defense. 25 C. J. 496; Waddle v. Wilson, 164 Ky. 228, 175 S. W. 382.

In Wright & Taylor v. Leigh (Ky.) 15 S. W. (2d) ——,
decided April 16, 1929, we said:

"A remedy is allowed every person for an in-
jury done him in his lands, goods, person, or repu-
tation (Constitution, sec. 14), and if that person has
committed some infraction of the law wholly discon-
nected from the wrong done him, it may be punish-
able as prescribed by the violated law, but it will not
deprive him of his remedy for a distinct wrong he
has suffered. The penalties prescribed in advance
of the wrongful act may be applied, but beyond that
no punishment may be exacted. If the right of per-
sonal liberty could be violated with impunity on a
showing that the victim had been guilty of some of-
fense, endless feuds might be engendered and dan-
gerous disputes might be prolonged. Logic and fair
dealing dictate that a defense to an action for unlaw-
ful imprisonment be confined to the actual facts
which gave rise to the controversy. An officer or
private citizen may act upon all the grounds that
exist for the arrest of another, and, if sued therefor,
may defend in the same fashion and to the same
extent; but, when action is predicated upon a parti-
cular ground, it may not be excused or justified by
showing that it might have been based upon some
other ground."

In this case the action taken by appellant was upon
the ground that appellee was guilty of the crime of hav-
ing a stolen automobile in his possession, and he was
bound to make good on the basis on which he proceeded
or suffer the consequences. He could not rely upon an
offense which he discovered after the arrest had been
made, and which did not actuate him in making the
arrest.

The contention that appellants were entitled to a
peremptory instruction is based upon the claim that, in
their answer, it is alleged that appellee had violated the
law in the presence of the officer by operating an auto-
mobile without a license therefor, and that this allegation
was not denied. In the reply, after admitting that within
the week following his arrest appellant Noe did procure
a warrant and cause appellee's arrest on the charge of
improper use of license plates, and that appellee paid a
fine therefor, it is alleged, "But the said Pearl Noe did

not then, or at any other time or place, arrest or attempt to arrest this plaintiff for said alleged offense." This was a sufficient denial of the allegations of the answer.

The complaint as to instructions is that Nos. 1 and 2 are mere abstract propositions of law, and that No. 3 is erroneous, in that it left to the jury the determination of both the law and the facts. By instruction No. 1, the court told the jury that appellant Noe was a peace officer, that the operation of an automobile, with license plates thereon which had been issued for another car, is a violation of law and a public offense, and that stealing an automobile is a felony.

By instruction No. 2, the court told the jury that a peace officer may legally arrest a person without a warrant when he has reasonable grounds to believe the person about to be arrested has committed a felony, or when one commits a public offense in the presence of the officer, but that it is the duty of the officer, when he arrests such a person, to inform him of his intention to arrest him, and of the offense charged against him, if the officer have a reasonable opportunity to do so.

By instruction No. 3, the jury were told, if they believed from the evidence that Pearl Noe wrongfully and illegally arrested appellee on the alleged charge of having stolen an automobile then the law was for the plaintiff, and they ought to so find. While instructions Nos. 1 and 2 are mere statements of law, and it was not necessary to give either of them, the giving thereof was not prejudicial to appellants. Owensboro, Falls of Rough & Green River Ry. Co. v. Barker, 37 S. W. 848, 18 Ky. Law Rep. 706.

The use of the word "illegally" in instruction No. 3 was inapt, and it would have been better to use the phrase "without having any reasonable grounds to believe plaintiff had committed a felony" in lieu of it; yet the instruction was not prejudicial, since appellant offered, and the court gave, instruction No. 5, by which the jury was told "that it is the duty of the defendant as a police officer to arrest all persons violating the motor vehicle laws in the state of Kentucky and in his presence, and if the jury shall believe, from the evidence, that the plaintiff was operating an automobile in the presence of the defendant without having obtained a license required by law, and without having license plates on the same for the particular car being operated, then it was the duty of the defendant to arrest the plaintiff; and if the jury shall

believe from the evidence that the defendant arrested the plaintiff on said charge at the time and on the occasion mentioned in the evidence, then the law is for the defendant, and the jury will so find.''

So that there was fairly presented to the jury for it to determine, whether appellee was arrested for the crime of having in his possession a stolen automobile or was arrested for operating his automobile with license plates issued for another car; if the former, to find for appellee; and, if the latter, to find for appellant. The finding was for the appellee, and, as said in the verdict, was ''under instruction No. 3.''

There is no merit in the contention that the verdict is flagrantly against the evidence or is excessive. Verdicts as large and larger have been approved when the injury was no more aggravated than here shown. L. & N. R. Co. v. Mason, 199 Ky. 337, 251 S. W. 184; Bowman v. Combs, 210 Ky. 1, 273 S. W. 719; Hayes v. Ketron, 223 Ky. 119, 3 S. W. (2d) 172.

Wherefore the judgment is affirmed.