249 P.2d 803

**SMITH v. LOTT.**

No. 7911.

Supreme Court of Idaho.

Oct. 29, 1952.

Anderson & Anderson, Pocatello, for appellant.

Robert E. Smylie, J. Clinton Peterson, Boise, for respondent.

**KEETON, Justice.**

Plaintiff, appellant, seeks to recover general and special damages from respondent C. N. Lott, because of a claimed unlawful arrest on the night of July 14, 1951.

The amended complaint alleged that defendant Lott was an appointed, authorized and acting state highway patrolman of Idaho; on July 14, 1951, in the night time, he arrested the plaintiff without any warrant for an alleged traffic violation; refused to explain to plaintiff of what traffic violation he was alleged to be guilty; that plaintiff submitted to the arrest without resistance, and that Lott committed battery upon him, and used force and violence on his person; that plaintiff was then taken before a justice of the peace, who fixed a $200 cash bond, and plaintiff being unable to give bond was committed to jail where he remained until 4 o'clock the next day.

Plaintiff further alleges his residence to be Pocatello, that he is employed there, and alleges there was no occasion either to arrest plaintiff on a traffic violation without a warrant, or to commit him to jail to insure his presence. The complaint then contains damage allegations unnecessary to recite.

Defendant (respondent) demurred to the amended complaint on the ground that it failed to state a cause of action, and claimed ambiguity and uncertainty. He also filed a motion to strike parts of the complaint. The motion to strike and the special demurrer were not ruled on by the trial court. The general demurrer was sustained in the following words:

"It Is Hereby Ordered that the defendant Lott's Demurrer To Plaintiff's Amended Complaint be, and the same hereby is, sustained without leave to plaintiff to amend his complaint."

Appellant contends that respondent was prohibited from arresting him in the night time for an offense committed in the officer's presence not amounting to a breach of the peace or a felony, and in his brief states the question for decision in the following words:

"The principal, chief question presented on this appeal is whether or not an officer may arrest for a misdemeanor committed in his presence, when such misdemeanor does not amount to a breach of the peace * * *."

The respondent submits the same proposition:

" * * * the fundamental problem presented by the case may be properly set up as follows:

" 'May a state highway patrol officer, possessing all the powers of a sheriff, arrest a person for a traffic violation committed in his presence at nighttime without a warrant, or is he powerless to enforce the traffic laws until he can find a magistrate, or the sun arises, whichever is earlier?' "

Sec. 19–603, I.C. provides:

"A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

"1. For a public offense committed or attempted in his presence.

"2. * * *

"3. * * *

"4. * . * *

"5. At night, when there is reasonable cause to believe that he has committed a felony."

Sec. 19–607, I.C. reads as follows:

"If the offense charged is a felony, the arrest may be made on any day, and at any time of the day or night. If it is a misdemeanor the arrest can not be made at night, unless upon the direction of the magistrate, indorsed upon the warrant."

The defendant Lott, as a state highway patrolman, has the power and duty to enforce all of the penal and regulatory laws of the state; and prevent and detect crime and apprehend criminals and maintain order; and to require all persons using the highways in the state to do so carefully, safely, and with exercise of care for the person, property and safety of others. In

the performance of this duty, a highway patrolman may arrest without warrant any person committing or attempting to commit in his presence or view a breach of the peace, *or any other violation of any of the laws of the state.* Sec. 19-4804, I.C.

In cases such as this, unless there be power to arrest presently upon knowledge of the offense, the purpose of the statute requiring all persons using the highways to drive carefully, safely, and with exercise of care for the person, property and safety of others, would be entirely defeated. If an officer, on seeing an offense committed, were required to go before a justice of the peace, or other magistrate, and obtain a warrant, or wait for the sun to rise, the offender could in the meantime be without the jurisdiction, or in parts unknown, and the purpose and objective of the statute would be circumvented.

An officer so restrained might as well be at home. Law violators would, during the night time, be permitted to violate the law with impunity. An officer would be helpless to perform a mandatory duty.

Such is not a reasonable interpretation of the statute. If a complaint is laid before a magistrate charging a person with a misdemeanor, and the officer is acting pursuant to a warrant, if the arrest is made at night, it should be so directed on the warrant.

This section, Sec. 19-607, I.C., defining, in certain cases, the time that an arrest may be made, has no application to offenses committed in the officer's presence, which of necessity must be immediately acted on.

Further Sec. 19-603, I.C., supra, must be construed in pari materia with Sec. 19-4804, I.C. which was enacted subsequent to Sec. 19-603, I.C.

Paragraph i of this section, 19-4804, I.C. grants authority to:

"arrest without warrant, any person committing or attempting to commit in their presence or view a breach of the peace or any other violation of any of the laws of the state;"

and does not limit the officer in making the arrest to any particular time of the day.

A similar provision of the California Codes, Sec. 836, Deering Penal Code of California 1941, has been interpreted as authorizing an officer to make an arrest in the night time for any misdemeanor committed in the presence of the officer. See People v. Craig, 152 Cal. 42, 91 P. 997; 3 Cal.Jur. 117, Sec. 4.

Whether or not the respondent officer would have had the right under the common law to arrest appellant under the circumstances presented, is unnecessary to determine for the reason the right to arrest a law violator has been enlarged by the statutes of this and many other states. Further, the rule of the common law prohibiting arrest in the night time except for breach of the peace and some other designated offenses is inimical to modern and present conditions.

■ We therefore conclude that the respondent had a right and a duty to arrest the appellant in the night time for an offense committed in his presence even though the offense did not amount to a breach of the peace or felony. This conclusion is sustained by the following authorities: Cornell v. Harris, 60 Idaho 87, 88 P.2d 498; State v. Hart, 66 Idaho 217, 157 P.2d 72; 3 Cal.Jur. (Arrest) 117; 4 Am.Jur. 16, Sec. 23; 4 Am.Jur. 19, Sec. 26; 6 C.J.S., Arrest, § 6, par. c, p. 589; The People v. Ramos, 18 Porto Rico 954.

Having arrested the appellant, it was then the duty of the officer to take him, without unnecessary delay, before the nearest or most accessible magistrate in the county in which the arrest was made. Sec. 19–615, I.C. This duty the respondent apparently performed.

■ The appellant was then entitled to be released on giving bail. The amount of the bail and the commitment to jail in default of furnishing same was a responsibility of the magistrate and not the arresting officer, and respondent's incarceration subsequent to that time was a matter with which the officer had nothing to do, and for which respondent cannot be held responsible.

■ If the magistrate used poor judgment in fixing the amount of the bail and required the furnishing of an unauthorized bond, or went fishing as charged in the complaint, the officer (Lott) is not responsible for the acts of the justice, assuming, if we do, they were unauthorized. There is no provision of the law that requires a defendant in a criminal action to furnish cash bail.

The amended complaint charged that appellant submitted to the arrest without resistance, that the defendant Lott committed battery upon him and details the acts committed by the officer.

As shown by the amended complaint, such acts were beyond the duty and authority of the officer and entirely unnecessary.

Whether or not the complaint states a cause of action for an assault and battery, and damages resulting therefrom, it is unnecessary to determine for the reason the parties entered into a stipulation that the battery was not the basis of plaintiff's cause of action. The stipulation in part is as follows:

"That the plaintiff, in setting forth the following language in paragraph II of his amended complaint, on file herein:

"'* * * and after plaintiff submitted to said arrest and without any resistance, the said defendant Lott, committed battery upon the plaintiff and then and there seizing him by the back of the neck with great force and violence and giving him a hard push and shove, and desisted the commission of said battery only when plaintiff called the attention of one Larson to the conduct of the defendant * * *.'

210

"does not thereby intend, nor does he in fact attempt, to set forth a cause of action against defendant C. N. Lott in battery, but only sets forth such facts in an attempt to show the same as an element of damages, resulting and arising from the arrest of the plaintiff by the defendant C. N. Lott."

Hence whether or not the complaint stated a cause of action on some theory other than that advanced and the demurrer should have been overruled on that ground, we will not discuss or decide.

We conclude that the arrest was lawful and in view of the stipulation the demurrer properly sustained. The judgment is affirmed. Costs to respondent.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.