353 P.2d 1085

Francis SIMA, Plaintiff-Appellant,

v.

SKAGGS PAYLESS DRUG CENTER, INC., a corporation, Leonard Trueworthy, Duane Rose and Thomas Jensen, Defendants-Respondents.

No. 8819.

Supreme Court of Idaho.

July 1, 1960.

A. A. Merrill, Idaho Falls, for appellant.

Albaugh, Bloem & Smith, Idaho Falls, for respondents.

McQUADE, Justice.

Plaintiff Francis Sima, an Idaho Falls, Idaho, radio and television repairman, brought this civil action for damages for false arrest and false imprisonment. Defendants are Skaggs Payless Drug Center, Inc., and three persons employed in its store in Idaho Falls: Thomas Jensen, the store manager; Leonard Trueworthy, a department manager, and Duane Rose, a clerk.

The incident upon which this action is based occurred December 15, 1958, around 6 p. m. Plaintiff Sima entered Skaggs Payless Drug Center, a self-service drug store, and proceeded to a table in the rear. There he picked up a bar of soap and a number of flashlight lenses. During this time, defendant Rose directed defendant Trueworthy's attention to the plaintiff, and Trueworthy watched his movements. Defendants assert plaintiff paid only for the soap at a check-out stand; he maintains he paid also for the flashlight lenses. He then left the store.

Defendant Trueworthy testified he stood within five feet of the stand and saw the plaintiff put 15 cents in the checker's hand for the bar of soap. He verified this observation with the girl at the check stand. He and Rose then followed the plaintiff outside. They testified they asked the plaintiff if he had merchandise which he had not paid for, and plaintiff then offered them a dollar. Plaintiff explained afterward he offered them money because he thought there might be a misunderstanding about the price of the articles.

Sima returned to the store with the two employees. They maintain he went voluntarily; plaintiff contends Rose and Trueworthy took hold of his arms. The manager was called, and plaintiff was taken to an upstairs office. Sima contends his pockets were searched, while the defendants maintain they only looked in the paper sack Sima was carrying, and found the flashlight lenses.

Defendants then called the city police. An officer took Sima and Rose to the police station in a police automobile. There, plaintiff was told his bond would be $25. He furnished this amount and was released without being taken before a magistrate.

Plaintiff was subsequently tried in police court on a charge of violating a city shoplifting ordinance, and was found not guilty.

He brought this civil action, seeking damages of $5,500. Plaintiff maintains that as a result of the incident his radio and television repair business had decreased by the amount of damages asked. He did not seek punitive damages.

After hearing the evidence, jurors returned a verdict for the defendants. Plaintiff moved for a new trial and for judgment notwithstanding the verdict; these motions were denied.

Plaintiff appeals from the judgment, from denial of his motions for new trial and for judgment notwithstanding the verdict, and from the court's denial of a motion for directed verdict made during the course of the trial.

Plaintiff-appellant sets out 12 assignments of errors alleged to have been committed. In summary, he maintains the trial court erred:

In excluding evidence to show defendants arrested plaintiff on a misdemeanor charge at night, without a warrant;

In excluding certain testimony of plaintiff relative to damages;

In permitting defense counsel to conduct statutory cross-examination of the plaintiff in the course of regular cross-examination, during presentation of the plaintiff's case;

In denying the motion for directed verdict;

In instructing the jury on elements of burglary, larceny, and the statutory crime of concealing merchandise;

In giving instructions relative to probable cause for arrest;

In instructing the jury that a verdict for the plaintiff must be against all the defendants;

In refusing to give plaintiff's requested instructions relating to arrest, false imprisonment, evidence of plaintiff's character, and malice; and

In permitting defendants "to re-try the criminal case" in this action

■ The first assignment of error which we shall consider is the exclusion by the trial court of evidence concerning an arrest by a private person during the nighttime of one who commits a misdemeanor in his presence.

Idaho Code, § 19–604 provides in part:

"A private person may arrest another:

"1. For a public offense committed or attempted in his presence. * * *"

Plaintiff argues this statutory authority is limited by I.C. § 19–607:

"If the offense charged * * * is a misdemeanor the arrest can not be made at night, unless upon the direction of the magistrate, indorsed upon the warrant."

Idaho Code, § 19–603 gives a police officer authority to arrest an individual with-

out a warrant "for a public offense committed or attempted in his presence." This Court has held the officer's authority under this statute is not limited by the provisions of I.C. § 19–607, supra. In the case of Smith v. Lott, 73 Idaho 205, 249 P.2d 803, 804, the Court harmonized the two statutes. It said:

" * * * If an officer, on seeing an offense committed, were required to go before a justice of the peace, or other magistrate, and obtain a warrant, or wait for the sun to rise, the offender could in the meantime be without the jurisdiction, or in parts unknown, and the purpose and objective of the statute would be circumvented.

"An officer so restrained might as well be at home. Law violators would, during the night time, be permitted to violate the law with impunity. * * *

"Such is not a reasonable interpretation of the statute. If a complaint is laid before a magistrate charging a person with a misdemeanor, and the officer is acting pursuant to a warrant, if the arrest is made at night, it should be so directed on the warrant.

"This section, Sec. 19–607, I.C., defining, in certain cases, the time that an arrest may be made, has no application to offenses committed in the officer's presence, which of necessity must be immediately acted on."

See also State v. Hart, 66 Idaho 217, 157 P.2d 72; Clark v. Alloway, 67 Idaho 32, 170 P.2d 425. A private citizen, having statutory power under I.C. § 19–604, may likewise arrest at night without a warrant of arrest for a misdemeanor committed in his presence.

■ Plaintiff argues the alleged misdemeanor was not committed in the presence of defendants Rose and Jensen, but they afterward took part in the arrest and detention of the plaintiff. Trueworthy watched the plaintiff's actions in the store, then called upon Rose to assist him in the arrest. I.C. § 19–606 provides:

"Any person making an arrest may orally summon as many persons as he deems necessary to aid him therein."

This observation of plaintiff's actions by Trueworthy thus justified his calling on the other two individual defendants for aid. Insofar as the corporate defendant is concerned, Trueworthy was acting as its agent.

■ If the plaintiff was searched, as he contends, the search was incident to a lawful arrest, and hence not unreasonable. State v. Hart, 66 Idaho 217, 157 P.2d 72.

■ The fact plaintiff was not taken immediately before a magistrate does not render defendants liable. Their responsibility in this regard ended when they turned plaintiff over to the police. I.C. §

19–614; Smith v. Lott, 73 Idaho 205, at page 209, 249 P.2d 803.

■ Plaintiff maintains the trial court erred in excluding his testimony relative to loss of business from the arrest and attendant newspaper publicity. Questions propounded on this point were so phrased that they called for hearsay evidence. Objections to these and similar questions were properly sustained.

■ Plaintiff urges the trial court erred in permitting defense counsel to carry out statutory cross-examination of plaintiff in the course of regular cross-examination. The examination complained of was within the limits of cross-examination, and plaintiff cannot complain thereof.

■ In regard to the instruction relative to other offenses, it must be noted this is not a criminal prosecution. The incident might have given rise to any one of several charges: concealment of merchandise, petit larceny, or violation of the city shoplifting ordinance. Where an arrest is made upon more than one ground, it can be justified upon proof of any one of the grounds. Noe v. Meadows, 229 Ky. 53, 16 S.W.2d 505, 64 A.L.R. 648; Donovan v. Guy, 347 Mich. 457, 80 N.W.2d 190; 22 Am.Jur., False Imprisonment, sec. 84, p. 412.

■ Plaintiff cites error of the trial court in giving certain instructions relating to probable cause for making the arrest. He maintains "the question of probable cause and belief is not an essential element necessary to an action for false arrest and imprisonment and has no application to an action of this kind."

Plaintiff injected the issue of probable cause by his complaint, which alleges:

" * * * the defendant, Skaggs Payless Drug Center, * * * by and through its agents and/or employees, Leonard Trueworthy, Duane Rose and Thomas Jensen, * * * unlawfully, wilfully and maliciously and without probable cause detained the plaintiff in its store and restrained him of his liberty without any authority so to do * * *."

The Supreme Court of California, in the case of Collyer v. S. H. Kress Co., 5 Cal. 2d 175, 54 P.2d 20, 23, held:

" * * * where a person has reasonable grounds to believe that another is stealing his property, as distinguished from those cases where the offense has been completed, that he is justified in detaining the suspect for a reasonable length of time for the purpose of investigation in a reasonable manner * * * where a defendant had probable cause to believe that the plaintiff was about to injure defend-

ant in his person or property, even though such injury would constitute but a misdemeanor, * * * probable cause is a defense, provided, of course, that the detention was reasonable. * * *"

See also 22 Am.Jur., False Imprisonment, sec. 28, p. 370, and sec. 78, p. 408.

■ Instruction No. 20, giving of which the plaintiff cites as error, states:

" * * * as a matter of law if you find for the plaintiff in this case, your verdict must be against all of the defendants in the case."

Although recovery against joint tortfeasors may be joint or several, plaintiff did not request any instruction regarding relief against one or more defendants according to their respective liabilities. Idaho Rules of Civil Procedure, Rule 20(a).

■ Plaintiff cites error in the trial court's refusal to give his six requested instructions. Three of these proposed instructions deal with night arrests for misdemeanors, discussed above. Another, defining false imprisonment, was covered by the instructions given. A fifth proposed instruction covers evidence of good or bad character, and was refused as inapplicable.

The sixth deals with probable cause, supra.

■ Plaintiff contends also the defendants were permitted "to re-try the criminal case" in this action. This question arose in the case of Collyer v. S. H. Kress Co., supra, which involved lawfulness of detaining an individual after he had been observed taking merchandise in a store. The plaintiff was acquitted of a charge of petty theft, and subsequently brought a civil action for false imprisonment. Evidence was admitted of the circumstances surrounding the alleged theft, arrest, and imprisonment. The Court held the question of probable cause was one of law

" * * * to be decided in accordance with the circumstances at the time of the detention, unhampered by the outcome of the charge against the plaintiff of the public offense or by the conclusions of the trial court. * * *"

Evidence of circumstances surrounding the arrest goes to the question of establishing probable cause, and as such is admissible.

The judgment is affirmed.

Costs to respondents.

TAYLOR, C. J., and KNUDSON, SMITH, and McFADDEN, JJ., concur.