[Crim. No. 14774. First Dist., Div. Three. July 29, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
DWIGHT WHITTED, Defendant and Appellant.

570

COUNSEL

Robert M. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Owen Lee Kwong, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DRAPER, P. J.**—Convicted of two robberies, defendant appeals, asserting admission of evidence illegally seized. Testimony on defendant's motion to suppress evidence (Pen. Code, § 1538.5) showed that Officer Lopez, on patrol at 1:58 a.m., stopped defendant's car because he knew a traffic warrant for defendant's arrest was outstanding. The officer confirmed that the warrant was still in effect. As he approached defendant's car, defendant alighted. The officer testified that he saw Whitted reach into his left jacket pocket and remove a package of cigarettes and a plastic bag containing green vegetable matter. He removed a cigarette and quickly pushed the cigarette package and the plastic bag into his pocket, but not before the officer had seen the bag and its contents, which he believed to be marijuana. At Officer Lopez' direction, his partner removed the plastic bag from defendant's pocket and concluded that it did contain marijuana. Whitted was arrested for possession of marijuana. Officer Lopez testified that Whitted asked him to turn off the lights on the latter's car. While standing outside the car, but using a flashlight, the officer saw a hemostat hanging on a knob on the dashboard with a partially burned marijuana cigarette in its pincer end. He also saw two paper bags in plain sight. One was torn and revealed beer cans. The other was partially open at the top, revealing loose coins. Earlier that night, the officer had heard a police radio report of a burglary nearby in which many coins were taken. On the rear seat, Officer Lopez saw a Band-Aid can. He had heard reports of several "Band-Aid" robberies, in which the robber wore a strip of Band-Aid from the crown to the tip of his nose. The officer then looked into the glove compartment and saw a stack of folded currency. Beneath the seat, he found a wool cap and a blue jacket, the latter containing a loaded pistol in a pocket. The gun, cap, jacket, currency, Band-Aid tin, and the paper bag of coins were the subjects of the motion to suppress. All were admitted in evidence at the trial. At trial, as at a lineup conducted after his arrest, Whitted was identified as the robber by the victims.

Appellant argues that the initial stop or detention was unlawful because the warrant did not provide for arrest in the nighttime. This contention, however, overlooks the 1969 amendment to Penal Code section 840 (Stats. 1969, ch. 528, p. 1143) which completely recast the section providing for service of arrest warrants. Under the amended section, "[a]n arrest for the commission of a misdemeanor or an infraction cannot be made between the hours of 10 o'clock p.m. of any day and 7 o'clock a.m. of the succeeding day, unless . . . (2) the arrest is

made in a public place." Neither party cited this amendment in the briefs. We asked, therefore, for supplemental memoranda on this point, and both parties have responded. Here the arrest was made "in a public place", i.e., on a public highway. ■ The basic principle of the limitation upon service of arrest warrants is the protection of "an individual's right to the security and privacy of his home, particularly during night hours" and the avoidance of the danger of violent confrontations inherent in unannounced intrusion at night (see *People* v. *Cressey,* 2 Cal.3d 836, 846 [87 Cal.Rptr. 699, 471 P.2d 19], and cases there cited). This purpose, and constitutional concern about the "midnight knock on the door" (*id.*) is fully recognized by the amended section. By limiting misdemeanor arrests to a "public place", it excludes intrusion into private premises by law officers. The distinction between arrest in a public place and in a place where the person arrested has a reasonable expectation of privacy was recently recognized by the high court (*United States* v. *Santana,* (427 U.S. 38 [49 L.Ed.2d 300, 96 S.Ct. 2406]). The limitation on night-time arrest under misdemeanor warrants is of statutory, rather than constitutional, origin. We find no constitutional infirmity in the 1969 amendment. As applicable here, the statute but recognizes that a fugitive from a traffic warrant has no reasonable expectation of privacy while driving his car upon a public highway.

■ After he was lawfully stopped, defendant alighted from his car and wholly voluntarily exhibited a plastic bag of marijuana. Having seen the contraband in plain sight, the officer was fully justified in arresting appellant and in retrieving the bag of marijuana from the pocket to which it had been returned (*People* v. *Walker,* 203 Cal.App.2d 552 [21 Cal.Rptr. 692]). He then saw the partially smoked marijuana cigarette hanging from the dashboard. This plain sight view warranted search of the passenger compartment for additional contraband (*Wimberly* v. *Superior Court,* 16 Cal.3d 557, 562-566 [128 Cal.Rptr. 641, 547 P.2d 417], and cases cited). It follows that all the other evidence found in the search of the passenger compartment was lawfully seized. Thus there is no merit in appellant's argument that his subsequent identification as the robber was "fruit of the poisonous tree."

Judgment affirmed.

Scott, J., and Emerson, J.,* concurred.

A petition for a rehearing was denied August 27, 1976, and appellant's petition for a hearing by the Supreme Court was denied October 6, 1976.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.