**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**RUDOLPH PRESCOTT, Defendant**

Civil No. 177/1981

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

March 24, 1982

LARRY RATLIFF, ESQ., Assistant Attorney General (Office of the Attorney General), Christiansted, St. Croix, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter is before the Court for disposition and for a determination of the effect of the invalidity of defendant's arrest.

On April 28, 1981, Elmira Espinosa swore out a complaint against defendant Rudolph Prescott alleging that he committed an assault and battery upon her. The Honorable Raymond L. Finch, Judge of the Territorial Court, issued an arrest warrant for defendant's apprehension which stated that Prescott was accused of aggravated assault and battery in violation of 14 V.I.C. § 298(5). This crime is punishable by imprisonment for not more than one year or by a fine of not more than $500.00, or both. As such it is classified as a mis-

153

demeanor, 14 V.I.C. § 3. Title 5 V.I.C. § 3565(b) states in pertinent part "[i]f the offense charged is a . . . misdemeanor, the arrest cannot be made at night, unless the warrant so directs." Nowhere in the warrant is nighttime arrest provided for. The return of service on the face of the warrant was not completed by the arresting officer but testimony was adduced at trial that the arrest took place at the defendant's home between 11:00 p.m. and 12:00 midnight. Defendant contends that as this arrest violates the prohibition of 5 V.I.C. § 3565(b) the complaint should be dismissed.[1] We disagree.

Rights guaranteed by law carry with them concomitant remedies. Without such, the existence of a right would be meaningless. Guarantees of a constitutional magnitude merit greater care in the assurance that they will be safeguarded. By way of example, evidence obtained by a search or seizure in violation of the Fourth Amendment is inadmissible at trial. Weeks v. United States, 232 U.S. 383 (1914); Mapp v. Ohio, 367 U.S. 643 (1961). A conviction may not stand where the defendant has been denied assistance of counsel, Johnson v. Zerbst, 304 U.S. 458 (1938); Gideon v. Wainwright, 372 U.S. 355 (1963), nor may a defendant be twice placed in jeopardy for the same offense in contravention to the Fifth Amendment. Benton v. Maryland, 365 U.S. 784 (1969).

In interpreting a statute with provisions similar to § 3565(b) a California court found the prohibition against arrests at night was statutory in nature, and not of constitutional import. People v. Whitted, 60 Cal. App. 3d 569, 572, 131 Cal. Rptr. 639, 640 (Cal. Dist. Ct. App. 1976). Given that this is not a constitutionally guaranteed right this Court does not deem dismissal of the complaint proper in the face of other remedies.

People v. Mills, 251 Cal. App. 2d 420, 422, 59 Cal. Rptr. 489, 490 (Cal. Ct. App. 1967) would appear to indicate a contrary result. There the court inveighed against the practice of nighttime arrests, without authority, by holding that "when a statute authorizes nighttime service when certain requirements are met, the warrant must conform to the statutory requirements in every material detail." 59 Cal. Rptr. at 490.[2] The issue on appeal in Mills was whether the dismissal of the information, for insufficient evidence, at a prelimi-

---

[1] This does not fall within the exception to 5 V.I.C. § 3565(b) where the misdemeanor is committed at night in the presence of an officer. *Government v. Rodriguez,* 7 V.I. 360, 300 F.Supp. 860 (D.V.I. 1969).

[2] The California statute has now been amended to allow for arrests under warrant at night, without the warrant so specifying, where the arrest is made in a public place. *People v. Whitted,* 131 Cal. Rptr. 639, 640 (Cal. Dist. Ct. App. 1976).

nary hearing was proper. Since the evidence was seized at the time of the invalid arrest the trial court properly excluded its admission as it violated the defendant's Fourth Amendment rights. Here, however, the Government did not seek to introduce any evidence which was obtained as a result of the arrest.

■ Defendant in this case had two remedies available to him, one of which still exists. At the time of his detention he could have prosecuted a writ of habeas corpus pursuant to 5 V.I.C. §§ 1301–1325. Since the arrest which preceded the imprisonment was not in conformity with the statutory requirements of 5 V.I.C. § 3565(b) it may reasonably and fairly be presumed that the restraint was unlawful and the discharge a logical step to follow a hearing on the writ. Had he been released, at that time, the complaint filed against him would not have been affected. He would have been released from custody, and assuming arguendo, that another warrant would have been issued for his arrest, the defendant would have been re-arrested, had it been properly enforced. All of this returns us to this point in the proceedings. If the complaint could not be dismissed at the time of the arrest, it would not be logical to require dismissal now.

■ Habeas corpus is not the only means available to defendant to secure relief for the wrong done him. He may resort to a civil action for damages for false imprisonment against the officer who made the arrest. See Smith v. Lott, 249 P.2d 803, 804–805 (Idaho 1952) (civil action for false imprisonment properly dismissed as arrest did not violate statute). The existence or nonexistence of a civil remedy to redress grievances occurring in connection with a criminal proceeding should not be, and is not, the deciding factor in making a determination as to the proper remedy. Where, however, the right of an accused to be released from an invalid arrest is extant, the presence of a civil remedy only serves to support the conclusion that dismissal is not proper. The time for pursuing one remedy, habeas corpus, has passed. The time for prosecuting an action for damages has not yet come. Dismissal of the charge, however, is not a remedy available to defendant. Accordingly, defendant's motion for a judgment of acquittal pursuant to Rule 29 Fed. R. Crim. P. is denied.

Having concluded that there is no basis for the dismissal of the complaint, we must now address ourselves to a factual determination of the guilt or innocence of the defendant. The testimony of those witnesses who evidenced the greatest freedom from interest in the outcome of the case clearly establishes each and every element of

155

the offense charged. Mr. Suarez' testimony that the altercation occurred, at least in part, after both parties returned to the interior of Mrs. Espinosa's apartment belies the defendant's assertion that he never returned to the apartment. His explanation of the manner in which both parties fell to the floor and slid across the room defies belief. His assertion that he used no force in excess of that needed to defend himself is worthy of little weight in light of the obvious, apparent and clearly discernible physical injury suffered by his victim as evidenced by the medical treatment she received and the eye witness testimony of Officer Soto.

█ In sum then, it is clear the defendant on or about April 27, 1981, in Frederiksted, in the Judicial Division of St. Croix, did use unlawful violence upon the victim with intent to injure her, at a time when he was an adult male and she was a female. Each of these factors addresses a specific element of the offense charged leaving none unproven. Accordingly, the defendant is found guilty as charged of aggravated assault and battery in violation of 14 V.I.C. § 298(5). Defendant is ordered to present himself to the Territorial Court Probation Office located at Vitraco Mall, Golden Rock, Christiansted, St. Croix, forthwith for preparation of a pre-sentence report and to further present himself for sentencing on May 6, 1982, at the Territorial Court of the Virgin Islands, Toro Building, Golden Rock, Christiansted, St. Croix, at 9:00 a.m.