932 P.2d 899

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Toby MOORE, Defendant–Respondent.**

No. 22046.

Court of Appeals of Idaho.

Dec. 20, 1996.

Petition for Review Denied March 19, 1997.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General (argued), Boise, for appellant.

Gregg E. Lovan, Caldwell, and Bruce S. Bistline (argued), Boise, for respondent.

LANSING, Judge.

Appellant Toby Moore filed a motion to suppress drug evidence found by police when they searched Moore after he was subjected to a citizen's arrest. The district court granted the motion to suppress, and the State now appeals. We find the search to have been a valid search incident to a citizen's arrest, and therefore reverse the suppression order.

## I. FACTS

The record reveals the following facts. An individual who resided near the Waremart grocery store in Nampa observed a man taking items from the Waremart loading dock, placing them in his pickup and then travelling toward nearby rental storage units. The individual telephoned the store manager, Blaine Maxwell, and informed him of this occurrence. Maxwell and three other Waremart employees immediately went to the location of the storage units and observed a vehicle matching the caller's description and Moore, who also matched the description given by the caller. In the back of the pickup they saw metal carts and plastic storage boxes that looked like those that had been stored on the Waremart loading dock. Maxwell then confronted Moore, stating, "You have property belonging to Waremart." Moore responded by indicating that he thought the items had been discarded. He also indicated that Waremart could have the items back. At this point, Maxwell accused Moore of theft, grabbed Moore's arm and told him that he was under arrest. Moore then asked to lock his truck, and with Maxwell still holding onto his arm, Moore moved toward the vehicle and reached inside. At the same time, another of the Waremart employees, Steve Hilkey, was standing near the passenger side of the pickup. Hilkey observed that there was a gun in the cab and saw that Moore's hand was moving toward the gun. Hilkey yelled, "He's got a gun." Maxwell then shoved the defendant against the truck while Hilkey opened the passenger door and moved the gun over to the passenger's side. The four Waremart employees wrestled Moore to the ground and held him there until police arrived. Officer Augsber-

ger was the first law enforcement officer to arrive on the scene. He immediately handcuffed Moore and was just getting Moore off the ground when Officer Huff arrived. Officer Huff patted Moore down and removed from Moore's coat pocket a plastic baggy containing a green leafy substance. Officer Augsberger also patted Moore down and found a leather wallet and folding knife in Moore's pocket. Concealed within the wallet was a quantity of methamphetamine.

After being charged with possession of methamphetamine with intent to deliver, I.C. Section 37–2732(a)(1)(A), and four counts of aggravated assault, I.C. Sections 18–901, – 905(a), Moore filed a motion to suppress all evidence obtained by the officers in the two searches of his person on the grounds that the citizen's arrest was invalid and that the officers exceeded the bounds of their authority in conducting the searches. The district court granted Moore's motion to suppress. The court determined that although there had been a valid citizen's arrest of Moore for theft pursuant to I.C. Section 19–604, the subsequent search by the police incident to that arrest was restricted by I.C. Section 19–613 to a pat-down for weapons. The court therefore concluded that it must suppress the fruits of the full search conducted by the officers in which they removed from Moore's clothing items that were not weapons and were not mistakenly thought to be weapons prior to their removal.

The State now appeals from the suppression order. The State argues that, pursuant to the citizen arrest powers set forth in I.C. Sections 19–604 and 19–614, Moore was lawfully arrested and delivered to a peace officer who then had authority to conduct a full search incident to Moore's arrest. Moore responds that, even if the district court erred in holding that Section 19–613 limited the police to a weapons search, the evidence of drugs found on Moore still must be suppressed. He asserts that: (a) the citizen's arrest was unlawful, and (b) even if the citizen's arrest was valid, the police could not properly conduct a search incident to arrest because the police did not possess grounds to independently arrest Moore for a misdemeanor in conformity with I.C. Section 19–

603 and had not determined that there was probable cause for the citizen's arrest.

## II. ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact where they are supported by substantial evidence, but we freely review the application of constitutional principles to the facts found. *State v. Shepherd,* 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App.1990).

### A. Citizen's arrest

We address first Moore's argument that the citizen's arrest itself was invalid.

Under Idaho law, a private individual may arrest another for the commission of a public offense. I.C. Section 19–604. An arrest, whether by a police officer or a private person, is defined as "taking a person into custody in a case and in the manner authorized by law...." I.C. Section 19–601. Once a private person has arrested another for a public offense, the citizen effectuating the arrest "must, without unnecessary delay, take the person arrested before a magistrate, or deliver him to a peace officer." I.C. Section 19–614.

By terms of I.C. Section 19–604, the authority of a citizen to make an arrest is limited to the following range of circumstances.

A private citizen may arrest another:
(1) For a public offense committed or attempted in his presence.
(2) When the person arrested has committed a felony, although not in his presence.
(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

Under this statute, a citizen may make an arrest for a felony based upon "reasonable cause for believing the person arrested to have committed it." However, a citizen's arrest for a misdemeanor may be made only for an offense "committed or attempted in [the citizen's] presence." The term "in his

presence" is satisfied if the citizen detected the commission of the offense through the use of his senses. *State v. Carr,* 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct.App.1993); *People v. Sjosten,* 262 Cal.App.2d 539, 68 Cal.Rptr. 832, 835 (1968); *State v. Bergeron,* 326 N.W.2d 684, 686 (N.D.1982).

Moore points out that the citizen's arrest here was for a misdemeanor since there has been no showing that the value of the stolen items exceeded $300, *see* I.C. Sections 18–2407(1)(b)(1), 18–2408.[1] Therefore, he argues, the arrest was defective because the Waremart employees did not witness the actual taking of the items from the Waremart premises and, as a result, the offense was not committed "in the presence" of the arresting citizens. We disagree.

 The statutory definition of theft includes theft by possession of stolen property. Idaho Code Section 18–2403(4) provides:

A person commits theft when he knowingly receives, retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(a) Intends to deprive the owner permanently of the use or benefit of the property; or

(b) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(c) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

The act of stealing the property from its owner is not an element of theft by possession of stolen property under I.C. Section 18–2403(4). Therefore, it was not necessary that the Waremart employees observe the removal of the items from the Waremart loading dock. The Waremart employees personally saw Moore in possession of items that looked identical to items that had been stored on Waremart's loading dock. They saw Moore with his pickup backed up to the open door of a storage unit, apparently in the process of transferring the property from the pickup to the storage unit. When confronted with the assertion that the property belonged to Waremart, Moore stated that he thought the items had been discarded and offered to return them. This was effectively an admission by Moore that the items had come from Waremart. Under these circumstances, the offense of theft by possession of stolen property was committed "in the presence" of the Waremart employees. Therefore, the district court properly held that the Waremart employees had effectuated a valid citizen's arrest in compliance with I.C. Section 19–604.

**B. The search of Moore's person**

We turn next to Moore's contention that when a private person has lawfully arrested another and delivers the detainee to a police officer pursuant to I.C. Section 19–614, the police may not conduct a search of the detainee, other than a pat-down for weapons, unless and until the police have determined that there is a basis for the police to independently arrest the detainee consistently with the requirements of I.C. Section 19–603. That statute, subject to exceptions not applicable here, allows a police officer to make a warrantless arrest for a misdemeanor only if the misdemeanor was committed or attempted in the officer's presence.[2] Moore ac-

---

1. I.C. Section 18–2407(1)(b)(1) provides that a person is guilty of grand theft if the value of the property taken exceeds $300. By terms of I.C. Section 18–2408, grand theft is a felony.

2. I.C. Section 19–603 provides:

A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

1. For a public offense committed or attempted in his presence.

2. When a person arrested has committed a felony, although not in his presence.

3. When a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it.

4. On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested.

5. At night, when there is reasonable cause to believe that he has committed a felony.

6. When at the scene of a domestic disturbance there is reasonable cause to believe,

knowledges that, even absent an independent basis to arrest, an officer may properly conduct a protective pat-down for weapons in the nature of a *Terry* search[3], Moore contends, however, that the police may not take custody of a detainee who has been delivered to them by an arresting citizen pursuant to I.C. Section 19–614 and may not conduct a more thorough search incident to a citizen's arrest unless the police have an independent basis to rearrest the individual. Moore argues that the misdemeanor for which he was arrested by Waremart employees did not occur in the presence of the police officers and that the officers did not even develop probable cause for an arrest because they had not obtained all of the pertinent information from the Waremart employees before beginning the search. It follows, according to Moore, that the police were not empowered to make a police arrest, but were limited to issuing a citation, *see* M.C.R. 5, and therefore could not conduct a search incident to an arrest. For purposes of this appeal we will assume that the misdemeanor of theft by possession of stolen property was not committed in the presence of the police officers, within the meaning of I.C. Section 19–603(1), because the officers had no personal knowledge of the Waremart property and could not personally recognize the items in Moore's pickup as belonging to Waremart. In addition, the record supports Moore's assertion that the State did not show that the officers possessed all of the information necessary to establish probable cause for an arrest before they began searching Moore.

 A warrantless search by law enforcement officials is unreasonable and therefore violative of the Fourth Amendment to the United States Constitution unless the search comes within certain specific and well-delineated exceptions to the warrant requirement. *State v. Weaver,* 127 Idaho 288, 290,

900 P.2d 196, 198 (1995); *State v. Woolery,* 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989). A search incident to an arrest is a well-established exception to the warrant requirement. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. McIntee,* 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993). Under this exception, police may search an arrestee following a lawful custodial arrest. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Shepherd,* 118 Idaho at 122, 795 P.2d at 16. In *Robinson,* the United States Supreme Court explained:

> A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.

414 U.S. at 235, 94 S.Ct. at 477. The permissible scope and purpose of a search incident to an arrest is not limited to the removal of weapons but includes the discovery and seizures of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate his escape. *Robinson, supra. See also Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *Chimel,* 395 U.S. at 763, 89 S.Ct. at 2040; *State v. Heinen,* 114 Idaho 656, 658, 759 P.2d 947, 949 (Ct.App.1988). The question in the present case is whether a full search incident to arrest may be conducted by a police officer when the subject of a valid citizen's arrest has been delivered into

based upon physical evidence observed by the officer or statements made in the presence of the officer upon immediate response to a report of a commission of such a crime, that the person arrested has committed a violation of section 18–902 (assault), 18–903 (battery), 18–918 (domestic assault or battery), 18–7905 (stalking), or 39–6312 (violation of a protection order).

7. When there is reasonable cause to believe, based upon physical evidence observed by the officer or statements made in the presence of the officer upon immediate response to a report of a commission of a crime aboard an aircraft, that the person arrested has committed such a crime.

3. See *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

the officer's custody, absent a basis for the officer to independently rearrest the suspect.

Moore has cited no authority from this or any other jurisdiction holding either that an officer may not conduct a search incident to a citizen's arrest or that a police officer to whom a suspect has been delivered pursuant to a legitimate citizen's arrest may not take the suspect into custody absent grounds for an independent police arrest. Rather, he argues, that because a citizen's responsibility for the arrest terminates as soon as the arrested person is delivered to the custody of a police officer, *see Sima v. Skaggs Payless Drug Center, Inc.*, 82 Idaho 387, 392, 353 P.2d 1085, 1088 (1960), the arrest itself also terminates unless the officer has grounds to rearrest the individual. We are not persuaded.

Idaho Code Section 19–614 requires that a private person who has arrested another must "take the person arrested before a magistrate, or deliver him to a police officer." This statute implicitly authorizes a police officer to accept the custody, at least initially, of a detainee delivered to him by a citizen who has effectuated an arrest. Nothing in Idaho's statutory scheme concerning citizen's arrests suggests that the citizen's arrest dissolves and the police officer must find an independent basis to make a new arrest upon a delivery made pursuant to Section 19–614. The *Sima* decision merely stands for the proposition that once a citizen has delivered an arrestee to a police officer in accordance with Section 19–614, the citizen is not responsible or civilly liable for actions taken by the police thereafter. *Id.* at 392, 353 P.2d at 1088. It does not suggest that the arrest dissolves upon the citizen's relinquishment of control over the suspect to a police officer. We therefore hold that a police officer may take custody of a person delivered pursuant to I.C. Section 19–614 following a citizen's arrest for a misdemeanor even though the officer may not have grounds for an independent police arrest because the misdemeanor did not occur in the officer's presence.

It follows that absent some statutory constraint, the officer may also conduct a search incident to the citizen's arrest. A search conducted by a police officer incident to a citizen's arrest is justified by the same rationale underlying searches incident to any other lawful arrest. The need to preserve evidence and to remove weapons and items of value that the arrestee might use to effect an escape, is equally present whether a citizen or a police officer initiated the arrest.

The Idaho Supreme Court addressed a related issue in *Sima, supra.* In that case, the plaintiff alleged that citizens who arrested him had improperly searched his person. The Idaho Supreme Court stated, "If the plaintiff was searched, as he contends, the search was incident to a lawful arrest, and hence was not unreasonable." *Sima*, 82 Idaho at 392, 353 P.2d at 1088. *Sima* does not resolve the issue presented here because in that case the search was conducted by the arresting citizens, not by a police officer. However, *Sima* lends support to our conclusion that a full search incident to an arrest by an officer is permissible when it follows a citizen's arrest and the delivery of the detainee into the officer's custody. Our conclusion is also consistent with those of other jurisdictions which have upheld searches made by police officers incident to a valid citizen's arrest. *See, e.g., United States v. Rosse*, 418 F.2d 38 (2d Cir.1969); *Moll v. United States*, 413 F.2d 1233, 1237 (5th Cir.1969); *State v. Stoll*, 402 N.W.2d 239 (Minn.App.1987).

Moore is correct, of course, in asserting that one arrested by a private citizen is entitled to an independent evaluation of probable cause for the arrest, but that evaluation is to be done by a magistrate at a probable cause hearing conducted within forty-eight hours after the arrest. *See* I.C.R. 4(e), 5(c); M.C.R. 3(c). Although police officers must routinely make probable cause assessments, subject to later review by a court, when they are contemplating making an arrest themselves, we decline to cast upon police officers the judicial role of determining whether there was probable cause for a citizen's arrest before conducting a search incident to the arrest.[4] Persons arrested by

---

4. We do not imply that a police officer must take

into custody a person subjected to a citizen's

private citizens as well as those arrested by police officers are protected by the requirement that a probable cause determination be made promptly by a neutral, detached magistrate.[5]

■ Finally, we consider the district court's holding that I.C. Section 19–613 restricted the police officers to conducting a pat-down for weapons. That statute provides: "Any person making an arrest may take from the person arrested all offensive weapons which he may have about his person, and must deliver them to the magistrate before whom he is taken." The district court found in this language a limit on the authority of officers to conduct a full search incident to arrest of a suspect who is taken into custody upon a citizen's arrest. The court concluded that, under I.C. Section 19–613, police officers may conduct only a pat-down for weapons and that the officers exceeded their authority here when they extended the search to a "general exploratory search" for contraband or other evidence of a crime. This aspect of the district court's decision turns upon the interpretation of an Idaho statute, and we therefore exercise free review. *State v. Martinez*, 122 Idaho 158, 161, 832 P.2d 331, 334 (Ct.App.1992); *State v. Nelson*, 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991).

■ We conclude that the district court erred in its application of I.C. Section 19–613. The language of the statute is permissive, not restrictive. It authorizes "any person making an arrest" to perform a weapons search and thereby confers search authority which might not otherwise be possessed by private citizens making a citizen's arrest. As the district court correctly recognized, the statute's application is not limited to citizen's arrests; by referring to "any person making an arrest," the statute encompasses within its scope law enforcement officers. However, the statute does not purport to diminish any authority that law enforcement officers might otherwise possess to conduct searches of persons in their custody. As discussed

above, law enforcement officers who have arrested a suspect are entitled to conduct a full search incident to arrest for the purpose not only of finding and removing weapons but also of preserving evidence and removing valuables that may be accessible by the arrestee. We perceive nothing in the language of I.C. Section 19–613 that eliminates this law enforcement authority when the arrest has been initiated by a private citizen instead of a police officer. Consequently, we conclude that the district court erred in holding the officers' searches of Moore to have been violative of I.C. Section 19–613 and in suppressing the evidence found.

## III. CONCLUSION

The citizen's arrest of Moore conformed to the requirements of I.C. Section 19–604 because it constituted an arrest for a misdemeanor committed in the presence of the arresting citizen. The officers who took custody of Moore pursuant to I.C. Section 19–614, were not required to establish a basis to rearrest the suspect or ascertain the existence of probable cause for the citizen's arrest before conducting a search incident to arrest. The authority of the officers to conduct such a search is not limited by I.C. Section 19–613. Accordingly, the order granting Moore's motion to suppress evidence is reversed and this matter is remanded to the district court for further proceedings.

WALTERS, C.J., and PERRY, J., concur.

---

arrest if the officer concludes that the citizen's arrest was groundless or unlawful.

**5.** We note as well that the risk of civil liability for a wrongful arrest serves as a restraint against unjustified citizens' arrests.