IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 42770

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 740 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 1, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TAYLOR SWAIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Taylor Swain appeals from his judgment of conviction for possession of a controlled substance. He contends that the district court erred in denying his motion to suppress evidence collected during a search incident to his arrest. For the reasons set forth below, we affirm.

An officer initiated a traffic stop after witnessing Swain make an illegal lane change. Swain did not have a driver's license or other form of identification, but orally provided his information. Based on his prior contacts with Swain, the officer knew Swain did not have a driver's license or identification card, which the officer confirmed through dispatch. The officer placed Swain under arrest for failing to purchase a driver's license. During the search incident to arrest, the officer found methamphetamine in Swain's pocket. The state charged Swain with possession of a controlled substance. Swain filed a motion to suppress the evidence found

1

during the search following his arrest, arguing that his arrest was invalid. Following an evidentiary hearing, the district court denied Swain's motion. Swain entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(C)(1), reserving the right to appeal the district court's denial of his suppression motion. Swain appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

"Mindful" of the controlling authority to the contrary, Swain argues that he was unlawfully arrested and, as a result, the methamphetamine found incident to his arrest should be suppressed. Specifically, Swain contends that his arrest for driving without privileges did not comply with I.C. § 49-1407[1] because his oral statement of identification, combined with the officer's familiarity from prior contacts, provided sufficient evidence of identity. The state argues that the evidence supports the district court's finding that Swain's arrest was valid under I.C. § 49-1407 and that, as a matter of law, suppression of the evidence would not be required even if the arrest was invalid.

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403

---

[1] Idaho Code Section 49-1407 provides, in pertinent part:

> Whenever any person is halted by a peace officer for any misdemeanor violation of the provisions of this title and is not required to be taken before a magistrate, the person shall, in the discretion of the officer, either be given a traffic citation or be taken without unnecessary delay before the proper magistrate as specified in section 49-1411, Idaho Code, in the following cases:
> (1)    When the person does not furnish satisfactory evidence of identity or when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court.

2

U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a valid arrest is among those exceptions and, thus, does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904. The permissible scope and purposes of a search incident to an arrest is not limited to the removal of weapons but includes the discovery and seizures of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate his escape. *Moore*, 129 Idaho at 781, 932 P.2d at 904.

Recently, the Idaho Supreme Court addressed similar facts in *State v. Green*, 158 Idaho 884, 354 P.3d 446 (2015). In *Green*, the Court stated that, in the context of the United States Constitution and its interpreting case law, an arrest is lawful if officers have probable cause to believe that a person has committed a crime in their presence even if such an arrest does not comply with state statutes governing arrests. *Id.* at 887, 354 P.3d at 449; *see also Virginia v. Moore*, 553 U.S. 164, 174-78 (2008) (holding that the Fourth Amendment does not require the exclusion of evidence obtained from a constitutionally permissible arrest). The Supreme Court held that, even if an officer arrests a person for driving without privileges in violation of I.C. § 49-1407, such a violation of the statute is not a constitutional violation and suppression of evidence is not appropriate. *Green*, 158 Idaho at 892, 354 P.3d at 454.

We need not decide whether Swain's arrest was permissible under I.C. § 49-1407. Swain made an improper lane change and, upon being stopped, admitted to the officer that he did not have a valid driver's license. Therefore, having witnessed Swain driving the vehicle, the officer had probable cause to believe Swain had committed a violation and the resulting arrest was not a constitutional violation. Therefore, we hold that the district court did not err in denying Swain's suppression motion because, even if Swain's arrest was inconsistent with I.C. § 49-1407, suppression would not be an appropriate remedy. Accordingly, Swain's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.