**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45063**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 3, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMES LAYTON BARONE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

---

GRATTON, Chief Judge

James Layton Barone appeals from the district court's denial of his motion to suppress.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer responded to a report of a possible car break-in at a grocery store parking lot. Upon arrival, the officer saw a woman in the driver's seat, a man kneeling and facing the rear in the passenger seat, and three children in the back seat. The officer knocked on the driver's side window and the driver rolled down the window. The officer explained the purpose of his contact, and the driver identified herself and explained she was the owner of the car. The passenger identified himself as Barone and provided his driver's license. Another officer arrived about that time. One of the officers began to question the driver while the other officer questioned Barone.

1

Barone stepped out of the car as requested by the officer. Based on Barone's jerky movements, inability to stand still, scabs on his face and arms, and odor, the officer believed Barone was under the influence of methamphetamine. When asked if he had any contraband on his person, Barone responded by emptying his pockets and putting the contents, which included a bindle baggie, on the trunk of the car. However, the officer testified that when Barone did this "he hadn't pulled everything out of his pockets. In fact, he had re-concealed something back into his pocket." The officer questioned Barone about his use of the car, the children in the back seat, Barone's physical appearance, and a previous domestic call involving Barone and the driver in which the officer was involved. While Barone was being questioned, the other officer conducted a consent search of the car and removed a package of hypodermic needles from the car's rear passenger compartment. The officer subsequently searched Barone's pocket and removed a baggie of methamphetamine.

Barone was charged with possession of methamphetamine, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1). Barone filed a motion to suppress, arguing the officers unlawfully extended the detention and the search was not a lawful *Terry*[1] frisk; and even if it were, the officer exceeded the lawful scope of the search. Conversely, the State asserted the investigative detention was lawful and the search was justified by *Terry* as well as the search incident to arrest exception to the warrant requirement. The district court denied Barone's motion to suppress. It found the detention was lawful, and while the search of Barone was not justified under *Terry*, it was justified by the search incident to an arrest exception to the warrant requirement.

Barone entered a conditional guilty plea to possession of methamphetamine and possession of drug paraphernalia. He preserved his right to appeal the order denying his motion to suppress. The court imposed a sentence of seven years with three years determinate on the possession of methamphetamine conviction, suspended the sentence, and placed Barone on supervised probation for three years. The court imposed a concurrent sentence of 180 days and two years unsupervised probation on the possession of paraphernalia conviction. Barone timely appeals.

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

## II.

## ANALYSIS

Barone requests this Court vacate his judgment of conviction and reverse the district court's order denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a valid arrest is among those exceptions and, thus, does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904. The permissible scope and purposes of a search incident to an arrest is not limited to the removal of weapons but includes the discovery and seizures of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate his escape. *Moore*, 129 Idaho at 781, 932 P.2d at 904.

Barone asserts that he would not have been arrested but for the officer finding methamphetamine in his pocket, therefore the search cannot be justified as a search incident to an arrest. He relies on *State v. Lee*, 162 Idaho 642, 402 P.3d 1095 (2017), in which the Idaho Supreme Court held a search cannot be justified as incident to a lawful arrest when an officer has probable cause to arrest a suspect, but has affirmatively decided not to arrest the suspect until after a search reveals a controlled substance. In *Lee*, after an officer observed Lee driving without privileges, the officer approached Lee on the sidewalk and subsequently patted him down for weapons pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). *Lee*, 162 Idaho at 645-46, 402

P.3d at 1098-99. The officer found small containers of marijuana and methamphetamine in Lee's pockets and Lee filed a motion to suppress, arguing he was searched in violation of the Fourth Amendment of the United States Constitution. *Id.* at 646, 402 P.3d at 1099. Lee argued that the pat-down exceeded the scope of a permissible *Terry* frisk because the officer opened the containers which could not contain weapons. *Lee*, 162 Idaho at 646, 402 P.3d at 1099. Lee also argued that the search could not be justified as a search incident to arrest because, prior to the search, the officer told Lee that he would only get a citation for driving without privileges. *Id.*

The Supreme Court held the pat-down was justified but exceeded the permissible scope. *Id.* at 649, 402 P.3d at 1102. Additionally, the Supreme Court held that the search of the containers was not a valid search incident to arrest because no arrest had occurred or was going to occur. *Id.* at 651, 402 P.3d at 1104. Because the warrantless search could not be justified as a search incident to arrest, it was unlawful, and the evidence seized had to be suppressed. *Id.* at 653, 402 P.3d at 1106. The Court adopted the following rationale:

> The reasonableness of a search is determined by the totality of the circumstances, and a search incident to arrest is not reasonable when an arrest is not going to occur. We determine if an arrest is going to occur based on the totality of the circumstances, including the officer's statements. While the subjective intent of an officer is usually not relevant in Fourth Amendment analysis, statements made by the officer of his intentions along with other objective facts are relevant in the totality of circumstances as to whether an arrest is to occur. If an arrest does not occur, and objectively the totality of the circumstances show an arrest is not going to occur, an officer cannot justify a warrantless search based on the search incident to arrest exception.

*Id*. at 652, 402 P.3d at 1105.

As recognized in *Lee*, the search incident to arrest exception does not apply when no arrest is going to occur. However, it is critical to note that *Lee* does not mandate the State affirmatively demonstrate that the officer intends to arrest the suspect in order for the search incident to arrest exception to apply. The totality of the circumstances in *Lee* did not suggest that an arrest was to occur. In fact, the officer specifically told Lee he would be issued a citation before he searched him, thus indicating that, but for the discovery of the contraband, he would not have been arrested. *Id*.

Barone asserts his case is analogous to *Lee*, reasoning that he was not under arrest at the time the officer conducted the search of his pocket and that he was not charged with being under the influence in public. However, the present case is distinguishable from *Lee*. The officer

never indicated he was not going to arrest Barone or that he planned to merely give Barone a citation, as was the basis for the holding in *Lee*. Here, there was never an indication that the officer did not intend to make an arrest when the search was performed.[2] While the subjective intent of the officer is, as stated in *Lee*, usually not relevant, the officer here testified that he had probable cause to arrest Barone and the objective reasons therefore. When asked on what charge, he responded:

> For under the influence in public as well as some other charges I continued to investigate such as injury to child because there were syringes located by my partner in the passenger compartment immediately accessible to the children; injury to child, possible DUI. He admitted that he had been driving the vehicle prior to the female taking over driving, so there was [sic] several misdemeanor charges I was investigating but I did have probable cause to arrest him for under the influence in public at that immediate point.

Furthermore, he testified, "I was concerned regarding the very young children that were buckled into car seats in the back. I believe they were ages two, three, and five if I recall correctly, uh, and also the driver, the female also appeared to be under the influence of meth . . . ." Under the totality of the circumstances, it seems implausible that the officer would not arrest these adults given his concerns regarding their appearance of being under the influence of methamphetamine, his suspicions that they were driving with children while intoxicated, and while he was investigating them for injury to child charges.

The present case cannot be characterized as a situation where "objectively the totality of the circumstances show an arrest is not going to occur." *Id*. at 652, 402 P.3d at 1105. Unlike *Lee*, the facts are not that in which an officer has probable cause to arrest a suspect, but has affirmatively decided not to arrest the suspect until after a search reveals a controlled substance. Under the totality of the circumstances, an arrest was going to occur in the present case; therefore, the search incident to arrest exception to the warrant requirement justifies the search of Barone's person. The district court did not err when denying Barone's motion to suppress on the basis it was justified as a search incident to arrest. Accordingly, we affirm the district court's order.

---

[2] The *Lee* Court also noted the evidence preservation rationale for the search incident to arrest exception. However, in *Lee* all of the evidence necessary for a driving without privilege charge had been obtained before the container search. *State v. Lee*, 162 Idaho 642, 652-23, 402 P.3d 1095, 1105-06 (2017). Here, however, evidence of controlled substances bears on a charge of being under the influence of controlled substances, and therefore fits within the preservation rationale.

5

## III.

## CONCLUSION

Barone has failed to demonstrate the district court erred when concluding the search was justified by the search incident to arrest exception to the warrant requirement. The order denying Barone's motion to suppress is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.