**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45507**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 25, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KIRSTEN M. SPIER-TURNER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order denying motion to suppress, <u>reversed</u>; judgment of conviction for possession of methamphetamine, <u>vacated</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Kirsten M. Spier-Turner appeals from the judgment of conviction for possession of methamphetamine. Spier-Turner argues that the district court erred in denying her motion to suppress evidence. For the reasons set forth below, we reverse the district court's order denying Spier-Turner's motion to suppress, vacate the judgment of conviction, and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Multiple Idaho State Police troopers arrived at a residence in Post Falls with a warrant to search the premises for drugs. When the troopers executed the warrant, Spier-Turner was an occupant inside the residence. The troopers called the occupants out of the residence, handcuffed each occupant, and had the occupants sit on the curb. Spier-Turner exited the residence with a purse over her shoulder. She was handcuffed and led to the curb to sit with the

other detained occupants. The purse remained on her shoulder while she was handcuffed and seated on the curb. Approximately forty minutes later, a trooper removed the purse from Spier-Turner's shoulder, placed the purse in the grass where Spier-Turner had been sitting, and walked her roughly twenty-five feet away from the curb to the driveway to be interviewed.

During the interview, Spier-Turner told the trooper that she had a marijuana pipe located in her bra. Thereafter, the officer led Spier-Turner, still handcuffed and with the pipe in her bra, back to the curb. The trooper moved the purse away from Spier-Turner and the other detainees. Subsequently, another trooper questioned Spier-Turner about the pipe and released her from the handcuffs so she could retrieve the pipe from her bra. Upon receiving the pipe and re-securing the handcuffs, the trooper arrested Spier-Turner for possession of paraphernalia and patted her down for weapons. Spier-Turner was transported to the police station and her purse remained at the scene. Later, a search of the purse at the scene revealed plastic baggies containing a white crystal residue, a tourniquet, and multiple hypodermic needles.

The State charged Spier-Turner with possession of methamphetamine in relation to the items found in the purse, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia in relation to the pipe, I.C. § 37-2734A(1). Spier-Turner filed a motion to suppress the evidence found in her purse, arguing that the search of her purse was a violation of the Fourth Amendment. During the hearing on the motion to suppress, the State argued that the search of the purse was either (1) constitutional under the warrant requirement because it was included in the warrant to search the residence, or (2) a valid exception to the warrant requirement as a search incident to lawful arrest.

The district court held that the search was not valid pursuant to the warrant because the warrant was never presented to the court, thus the court could not consider its scope. However, after "turning to the issue of search incident to arrest," the district court found that when Spier-Turner admitted to possessing the marijuana pipe, the trooper had "probable cause to arrest her and to search her." Further, the court found:

> [that the purse] was subject to search. It was an item intimately involved with her, definitely within her wingspan at the point that she admitted that she was in possession of the marijuana pipe.
>     . . . .
>     Had the officer taken the purse to the Public Safety Building, it could have been searched as part of the booking procedure. The only question is whether the officers may search the purse at the location of arrest based upon the above case

2

law. [Referencing *United States v. Edwards*, 415 U.S. 800 (1974) and *State v. Slaybaugh*, 108 Idaho 551, 700 P.2d 954 (Ct. App. 1985).]

The Court finds that a search is valid which is conducted at the place--had it been conducted at the place of arrest, it's also valid when conducted later. The purse would have been subject to search at the place and time of her arrest. It could have been searched also at the jail. It was searched, the purse, at the place of arrest after the defendant was removed, and that does not offend the Fourth Amendment.

After the motion to suppress was denied, the case proceeded to trial and a jury convicted Spier-Turner on both counts. Spier-Turner was sentenced to a unified term of three and one-half years with one and one-half years determinate. The district court suspended the sentence and placed Spier-Turner on probation. Spier-Turner timely appeals.

## II.

## ANALYSIS

Spier-Turner argues that the district court erred in denying her motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Here, the district court held (1) the search of the purse was a warrantless search, and (2) the warrantless search was constitutionally valid as a search incident to arrest. Neither party challenges the district court's determination that the search of the purse was warrantless, thus we need not review that determination. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

## A.     Search Incident to Arrest

Spier-Turner argues that the district court erred in determining that the search incident to arrest exception to the warrant requirement applied to the facts of this case.[1] A warrantless

---

[1]     The State indicated in its brief that we need not address the search incident to arrest exception as we could uphold the district court on the inventory search exception in so doing. The State indicates that it would "submit" on the search incident to arrest issue. While

search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a valid arrest is among those exceptions and, thus, does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904. The permissible scope and purposes of a search incident to an arrest is not limited to the removal of weapons but includes the discovery and seizure of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate his escape. *Moore*, 129 Idaho at 781, 932 P.2d at 904.

Here, the district court found that the purse was within Spier-Turner's "wingspan" when the police developed probable cause to arrest her at the scene. Based in part upon this factual finding, the district court made the legal conclusion that the purse (1) could have been searched at the time of arrest; and (2) could have been searched at the jail had it been transported with Spier-Turner, thus it was valid to search the purse "at the place of arrest after the defendant was removed." We disagree. We conclude that the search of Spier-Turner's purse was not constitutionally reasonable as a search incident to arrest.

First, Spier-Turner challenges the district court's finding of fact regarding the purse's location at the time of her confession. Specifically, she argues that the finding of fact that the purse was within Spier-Turner's "wingspan" when she admitted to possessing the marijuana pipe is not supported by substantial evidence. We agree. The undisputed evidence presented below was that Spier-Turner's purse had been removed from her person when she was sitting on the curb. In addition, the State's witnesses testified that the purse was twenty to twenty-five feet away from Spier-Turner when she admitted to the interviewing officer that she had a marijuana pipe in her bra. However, other factual findings that the district court made were based upon substantial evidence presented during the motion to suppress hearing and are unchallenged on

submitting on an issue is not consistent with the Idaho Appellate Rules, *see* I.A.R. 35(b)(6), we nonetheless have addressed the merits of the issue.

appeal. This includes the following findings: Spier-Turner had been arrested for possession of paraphernalia in relation to the marijuana pipe that she admitted was in her bra, Spier-Turner was transferred to jail and her purse remained at the scene, and the purse was searched at the location of arrest after Spier-Turner was transported to jail.

Next, Spier-Turner challenges the district court's conclusions of law. Notwithstanding the erroneous fact that the district court found (i.e., the location of the purse at the time of confession) and accepting the district court's other factual findings as true, a de novo review of the constitutional principles of the search incident to arrest exception to the warrant requirement provides that the search was unreasonable. A search incident to arrest may include the arrestee's person and the area "within the arrestee's immediate control," meaning "the area from within which he might gain possession of a weapon or destructible evidence." *State v. Lee*, 162 Idaho 642, 650, 402 P.3d 1095, 1103 (2017) (quoting *Chimel*, 395 U.S. at 762). Here, Spier-Turner's purse was not on her person or within her immediate control when it was searched. Spier-Turner was transported to the jail, and the purse was searched at the location of her arrest after she had been removed. Therefore, regardless of where the purse was located at the time of Spier-Turner's confession, the search was not constitutional as a search incident to arrest.

## B.     Inventory Exception

The State argues although the "district court did not use the words 'inventory exception,' it is clear from its reasoning and from the case law upon which it relied, that it found the search was authorized under the inventory exception because it was conducted as part of routine administrative procedure incident to incarceration." In response to this argument, Spier-Turner argues: (1) the State made no claims in the district court that the search of the purse was an inventory search; (2) the district court did not decide that the inventory search exception applied in this case; and (3) even if we were to consider this newly raised argument, the inventory search exception does not apply.

In a suppression case, a warrantless search remains unreasonable unless the State can prove the search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). In doing so, the State has the burden of proving the facts necessary to establish an exception to the warrant requirement. *State v. Jenkins*, 143 Idaho 918, 920, 155 P.3d 1157, 1159 (2007). However, the Idaho Supreme Court has made clear that "issues not raised below

5

will not be considered by this court on appeal, and the parties will be held to the theory upon which the case was presented to the lower court." *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (quoting *Heckman Ranches, Inc. v. State, By & Through Dep't of Pub. Lands*, 99 Idaho 793, 799-800, 589 P.2d 540, 546-47 (1979)). On a suppression issue, the State is limited to arguing on appeal the exceptions to the warrant requirement that were presented in the district court.

The only exception to the warrant requirement that the State argued below was the search incident to arrest exception. In support of its theory, the State cited to various case law including *Slaybaugh*, 108 Idaho at 551, 700 P.2d at 954, and *Edwards*, 415 U.S. at 800. Subsequently, the district court cited to the above case law and adopted the State's argument that the search incident to arrest exception justified the search. Now, the State asks this Court to conclude that, based on the cases cited by the district court, the district court impliedly held that the inventory exception applied. We decline to do so. The State misconstrues the district court's holding. The district court turned to the issue of search incident to arrest and found that the search was justified under that theory. The State did not argue below, and the district court did not find, that the inventory exception applied. Because the inventory exception to the warrant requirement is not preserved for appeal, we decline to address this newly raised argument on appeal. *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704. Therefore, we conclude that the district court erred in denying Spier-Turner's motion to suppress.

## III.

## CONCLUSION

The district court erred in determining that the search incident to arrest exception justified the warrantless search of Spier-Turner's purse. Additionally, we will not consider the State's argument that the inventory exception applies as it was not preserved for appeal. Therefore, the district court's order denying Spier-Turner's motion to suppress is reversed, and the judgment of conviction for possession of methamphetamine is vacated and the case remanded.

Judge HUSKEY and Judge LORELLO **CONCUR**.