**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51204**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 16, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL JEREMY MAY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for two counts of unlawful possession of a firearm, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender; Katherine C. Ball and Patsy Tucker, University of Idaho Legal Aid Clinic, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Michael Jeremy May appeals from his judgment of conviction for two counts of unlawful possession of a firearm. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

May was employed at a car dealership that allowed him to use company vehicles, including one he later expressed interest in purchasing. After his employment ended, the dealership continued to let May use the vehicle while he attempted to obtain the funds to buy it. When May failed to pay for or return the vehicle, the dealership hired a repossession company, which was unable to recover the vehicle but found it listed for sale. The dealership reported the vehicle stolen

1

to law enforcement and provided the title as proof of ownership. Officers later found the vehicle on a public street with May standing near the open driver's door. May was arrested and two handguns were found on his person during a search.

The State charged May with two counts of unlawful possession of a firearm, grand theft, and resisting or obstructing an officer. The grand theft charge was dismissed at the preliminary hearing due to insufficient evidence that his permission to use the vehicle had been revoked. May then moved to suppress the firearms and his statements, arguing a lack of probable cause for the arrest. The district court denied May's motion and his subsequent motion to reconsider. May pled guilty to the two counts of unlawful possession of a firearm (I.C. § 18-3316) in exchange for dismissal of the remaining charges. May appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

May argues that the district court erred in denying his motion to suppress because law enforcement did not have probable cause to arrest him for grand theft. The State responds that the district court correctly concluded probable cause existed. We hold that May has failed to show the district court erred in denying his motion to suppress.

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a valid arrest is among those exceptions and, thus, does not violate the Fourth

Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904. The permissible scope and purpose of a search incident to an arrest is not limited to the removal of weapons but includes the discovery and seizure of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate escape. *Moore*, 129 Idaho at 781, 932 P.2d at 904.

Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that an individual who was placed under arrest is guilty of a crime. *State v. Williams*, 162 Idaho 56, 66, 394 P.3d 99, 109 (Ct. App. 2016). Probable cause is not measured by the same level of proof required for conviction. *Id*. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Williams*, 162 Idaho at 66, 394 P.3d at 109. When reviewing an officer's actions, the trial court must judge the facts against an objective standard. *Williams*, 162 Idaho at 66, 394 P.3d at 109. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.* A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to the officer's conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000). Applying these principles, the question is whether law enforcement had probable cause to arrest May at the time of the encounter.

The district court concluded law enforcement had probable cause at that time. The district court relied on evidence that the dealership permitted May to use the vehicle only if he paid for it or returned it (May failed to do either); the dealership hired a repossession company; the vehicle was listed for sale online; and the dealership provided proof of ownership.

On appeal, May advances two arguments. First, he asserts probable cause was lacking because the dealership did not provide a date certain in relation to its revocation of permission to use the vehicle. May contends that, without a fixed deadline to return the vehicle, there could be no theft or unauthorized use and that law enforcement should not have relied on that fact that he

3

could only use the vehicle if he paid for it or returned it to support probable cause. This argument is unpersuasive. Probable cause does not require proof beyond a reasonable doubt with respect to each element of the charged offense. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996) (holding that probable cause requires only a fair probability that the suspect committed a crime and does not demand evidence sufficient to prove guilty beyond a reasonable doubt). The dealership's directive that May either return or purchase the vehicle, combined with his continued possession weeks later and the online listing, reasonably indicated unauthorized control.

Second, May contends the dismissal of the grand theft charge at the preliminary hearing stage demonstrates the absence of probable cause. May offers no legal authority to support this assertion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, evidence presented at the preliminary hearing does not negate the information available to law enforcement at the time of May's arrest.

Considering the totality of these circumstances, a reasonable officer could conclude there was a fair probability May was exercising unauthorized control over the vehicle with the intent to deprive the owner. I.C. § 18-2403(1), (3). Because law enforcement had probable cause to arrest May for grand theft at the time of the encounter, the arrest was lawful. The subsequent search of his person was therefore valid as a search incident to arrest. *See State v. Blythe*, 166 Idaho 713, 716, 462 P.3d 1177, 1180 (2020) (holding that, when an arrest is supported by probable cause, a warrantless search of the arrestee's person is lawful as a search incident to arrest).

## IV.

## CONCLUSION

May has failed to show the district court erred in denying his motion to suppress. Thus, May's judgment of conviction for two counts of unlawful possession of a firearm is affirmed.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.

4